IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MELODY LYNGVAR,

          Plaintiff,

v.                                     CIVIL ACTION NO. 3:25-0640

CHRISTAL G. PERRY, Senior Deputy State Auditor
as Appointee of Mark Hunt, West Virginia State Auditor,
in her personal and official capacities, and
ANGELA LUSHER,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Angela Lusher's Motion to Set Aside Entry of Default (ECF No. 12), Plaintiff Melody Lyngvar's Motion for Entry of Default Judgment of Liability Against Defendant Angela Lusher and Setting Aside September 8, 2025, Tax Deed (ECF No. 15), and Plaintiff's Rule 12(f) Motion to Strike Angela Lusher's Purported Answer and Counterclaim. ECF No. 17. For the reasons stated below, the Court **GRANTS** the motion of Defendant Lusher and **DENIES** the motions of Plaintiff.

On October 28, 2025, Plaintiff filed this action alleging she was denied adequate notice of a tax sale and was wrongfully deprived of ownership of her residence. Defendant Lusher, who purchased the property, was served a copy of the Complaint on December 18, 2025. After Defendant Lusher did not answer or otherwise defend the action in a timely manner, the Court entered an Order on January 12, 2026, directing the Clerk to enter default against Defendant Lusher and ordering Plaintiff to move for default judgment within twenty days. *Order* (Jan. 12, 2026), ECF No. 8. The Clerk entered default the same day. *Entry of Default by Clerk*, ECF No. 9.

Thereafter, on January 15, 2026, Defendant Lusher filed an Answer and Counterclaim. According to Defendant Lusher's counsel, he mistakenly calendared the Answer due date as thirty days from service, instead of twenty-one days as provided by Rule 12(a)(1)(A)(1) of the Federal Rules of Civil Procedure. As a result, the Answer was seven days late. He further states he was unaware that default was entered until Plaintiff's counsel contacted him on January 16 and told him about it. Upon learning of his error, Defendant Lusher's counsel filed the pending motion to set aside the default on January 21. Plaintiff opposes the motion, and she filed motions for default judgment and to strike the Answer and Counterclaim.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause[.]" Fed.R.Civ.P. 55(c), in part. Whether a default will be set aside rests within the sound discretion of the district court. *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (stating a Rule 55(c) decision "is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court" (internal quotation marks and citation omitted)). In deciding whether a default should be lifted, this Court recognizes defaults are generally disfavored and Rule 55(c) motions should be "liberally construed in order to provide relief from the onerous consequences of defaults[.]" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010) (internal quotation marks and citation omitted). The Fourth Circuit has stressed that there is a strong preference for merits-based adjudication. *Id*. at 418. Additionally, the Fourth Circuit has instructed that:

> a district court should consider [1] whether the party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne*, 439 F.3d at 204–05 (citations omitted). In applying these six factors to the present case, the Court finds that the default should be lifted.

In opposition to Defendant Lusher's motion, Plaintiff's sole argument is that Defendant Lusher cannot meet her burden to show she has a meritorious defense to Plaintiff's claims against her. Plaintiff asserts that Defendant Lusher failed to comply with the technical requirements of West Virginia law, in that, the notice of Plaintiff's right to redeem the property was sent to the wrong address. In addition, Plaintiff argues that it was legally insufficient for Defendant Lusher to attempt to serve her by posting a notice and by sending a notice by regular mail addressed to "Occupant."

On the other hand, Defendant Lusher argues she has complied with all the legal requirements. She claims she sent the notice to the correct mailing address, Plaintiff signed for the certified mail,[1] and Plaintiff had actual knowledge that the property was sold at a tax sale. Defendant Lusher further asserts that the West Virginia State Auditor attempted to personally serve Plaintiff, but she evaded service.

At this point in the proceedings, the Court must decide if Defendant Lusher has a meritorious defense, not whether that defense ultimately will be successful. The parties clearly disagree as to what transpired and whether those transactions fulfill the statutory requirements of a tax sale under West Virginia law. These issues are best resolved following discovery and not on a motion to lift default. It is sufficient for purposes of Defendant Lusher's motion that she has asserted a meritorious defense. Therefore, the Court finds the first *Payne* factor in favor of Defendant Lusher.

---

[1] Although Plaintiff asserts the signature is not hers, whether it is or not is a factual issue.

Likewise, the other *Payne* factors favor Defendant Lusher, and they are uncontested by Plaintiff. Here, the Court finds Defendant Lusher acted with reasonable promptness as she filed her motion to lift the default a week after it was entered. Defense counsel candidly admits it was not his client's fault as he mistakenly marked the wrong deadline on his calendar. The Court also recognizes that it is very early in these proceedings, with the Scheduling Order just entered on February 13, 2026, and the one-week delay has not caused Plaintiff prejudice. Additionally, there is no history of dilatory action by Defendant Lusher, and less drastic sanctions are available.

Accordingly, for the foregoing reasons, the Court finds in its discretion that the default should be lifted and **GRANTS** the motion of Defendant Lusher. ECF No. 12. Having lifted the default, the Court **DENIES AS MOOT** Plaintiff's Motion for Entry of Default Judgment of Liability Against Defendant Angela Lusher and Setting Aside September 8, 2025, Tax Deed (ECF No. 15), and her Rule 12(f) Motion to Strike Angela Lusher's Purported Answer and Counterclaim. ECF No. 17. As the Court has denied striking Defendant Lusher's counterclaim against Plaintiff, the Court **ORDERS** Plaintiff to file an Answer to the Counterclaim **on or before March 10, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 3, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE